# IN THE SUPREME COURT OF THE STATE OF NEVADA

THUNDER PROPERTIES, INC., A
NEVADA COMPANY,
Appellant,
vs.
GREATER NEVADA MORTGAGE
SERVICES, LLC, A NEVADA LIMITED
LIABILITY COMPANY; FEDERAL
NATIONAL MORTGAGE
ASSOCIATION; AND PATERNO C.
JURANI, ESQ., AN INDIVIDUAL,
Respondents.

No. 64943

FILED

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss in a wrongful foreclosure and quiet title action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant purchased the subject property at Highland Ranch Homeowner's Association's foreclosure sale, conducted to enforce Highland Ranch's delinquent assessment lien. Thereafter, respondent Greater Nevada Mortgage Services, LLC held a trustee's sale and the property was conveyed to respondent Federal National Mortgage Association (Fannie Mae).[1] Appellant subsequently filed the underlying action against respondents, seeking to quiet title in appellant's name and seeking a declaration that Greater Nevada's sale to Fannie Mae was invalid. The district court granted respondents' motion to dismiss, finding that although "NRS 116.3116(2)[ ] subordinates the first deed of trust to nine months of the HOA's assessment, [thereby] extinguishing the first deed of

---

[1]We direct the clerk of this court to amend the caption of this court's docket to conform with the caption of this order and to reflect that Fannie Mae is a respondent in this appeal, represented by McCarthy & Holthus, LLP.

14-37611

trust upon foreclosure," "[t]his is expressly contrary to Nevada's public policy regarding foreclosures." Consequently, the district court read "NRS 116.3116(2)[ ] as a payment schedule" that "provid[es] HOAs the first cut of any monies recovered after sale."

This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was based on an erroneous application of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent Greater Nevada lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

cc:    Hon. Patrick Flanagan, District Judge
Roger P. Croteau & Associates, Ltd.
McCarthy & Holthus, LLP/Las Vegas
Miles, Bauer, Bergstrom & Winters, LLP
Washoe District Court Clerk